Jones, Judge:
This claim is for $1,720.79 for produce sold and delivered to Cedar Lakes, an FFA and FHA Camp at Ripley, West Virginia, under the supervision of the Division of Vocational Education of the State Department of Health. The claimant also claims the sum of $215.11 interest on the account.
The claimant maintains a place of business at Parkersburg, West Virginia and alleges in its petition that during the period from September 11, 1964 to June 9, 1965, it delivered produce to Cedar Lakes as shown by the invoices and ledger account which were introduced into evidence. Each of the delivery invoices in evidence show the name of the head cook or second cook purporting to be signed by the person receipting for the delivery. The claimant’s bookkeeper testified that she made up all of the invoices from orders furnished her by salesmen and that she posted the several charges to the Cedar Lakes ledger account from the receipted copies of the delivery invoices. At the hearing it was shown that two invoices dated September 11, 1964 and September 16, 1964, totaling $33.05, were paid by a State warrant but there is no evidence that any of the other invoices were paid. The ledger account and supporting invoices show a continuation of charges but no credits from October 14, 1964 to July 16, 1965. Two drivers for the claimant testified that they delivered produce to Cedar Lakes as shown on certain of the unpaid invoices.
The head cook at Cedar Lakes who was responsible for ordering produce testified that she gave no orders, to the claimant *126 during the period in question and that the signature on the invoices could not be hers. The supervisor of the Camp during this period was in the military service at the time of the hearing and was not available to testify. The present supervisor testified that he searched for the alleged missing invoices and found none of them in the files.
While much of the evidence in this claim is in direct conflict and the issues are confused, the Court is of opinion that the claimant has proved its claim by a preponderance of the evidence. The bookkeeper’s accounting appears to have been in the regular course of business and the charges posted by her are supported by a series of invoices and the testimony of the drivers who delivered the produce shown on several of the invoices. Except for the $33.05 item, there is no contention on the part of the respondent that any of the invoices were paid. By statute the interest claimed may not be allowed, but the Court is of opinion that the principal claim is one which in equity and good conscience should be paid, and, accordingly, an award is hereby made to the claimant, C. A. Robrecht Company, Inc., in the amount of $1,687.74.